# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 22, 2025

Lyle W. Cayce
Clerk

No. 24-40273
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Adolfo Tovar,

*Defendant—Appellant*.

—————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CR-898-1

—————————————————————

Before Jolly, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Adolfo Tovar appeals following his guilty plea conviction for possession with the intent to distribute methamphetamine. He challenges the district court's denial of his pretrial motion to suppress evidence found in an inventory search of his vehicle after it was impounded by the police.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40273

The impoundment of Tovar's vehicle for a community caretaking purpose following his arrest was reasonable under the Fourth Amendment. *United States v. McKinnon*, 681 F.3d 203, 207-09 (5th Cir. 2012). The district court did not clearly err in finding that his vehicle was parked in a high-crime area, the impoundment complied with the police department's policy, and there was no one present at the scene who could have taken custody of the vehicle. *Id.*; *United States v. Ponce*, 8 F.3d 989, 995-96 (5th Cir. 1993). Moreover, even if we were to agree with Tovar that the officer who impounded his vehicle was motivated by a desire to search it, an officer's "hidden motives" do not invalidate "an otherwise lawful impoundment carried out in accordance with" the officer's community caretaking function. *United States v. Castro*, 166 F.3d 728, 734 (5th Cir. 1999) (en banc).

In light of the foregoing, we necessarily reject Tovar's additional argument that, because the impoundment violated the Fourth Amendment, the inventory search of his vehicle was also unlawful. Insofar as he argues that the police lacked probable cause to search his vehicle, the requirement of probable cause does not apply in "the noncriminal context of inventory searches." *South Dakota v. Opperman*, 428 U.S. 364, 370 n.5 (1976).

AFFIRMED.

2